IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. COLIA LOUIS STREETER

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15358     Charles Lee, Judge**

---

**No. M2004-00543-CCA-R3-CD - Filed February 9, 2005**

---

Following a jury trial, Defendant, Colia Louis Streeter, was convicted of one count of the sale of 0.5 grams or more of cocaine, a Class B felony, and one count of delivery of 0.5 grams or more of cocaine, a Class B felony. The trial court merged Defendant's conviction in count two into his conviction in count one, and sentenced Defendant to twelve years as a Range I, standard offender. In his sole issue on appeal, Defendant argues that the evidence was insufficient to support his conviction, and that, at most, the transaction constituted a casual exchange of cocaine rather than an unlawful sale. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, (on appeal), and Donna Leigh Hargrove, District Public Defender; and A. Jackson Dearing, III, Assistant District Public Defender, (at trial), for the appellant, Colia Louis Streeter.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General, and William Michael McCown, District Attorney General; Ann L. Filer, Assistant District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee

### OPINION

Bill Osterman, an agent with the 17th Judicial Drug Task Force, testified that he met with two confidential informants, Tracy Marable and Othni Reese, on March 3, 2003 to arrange a drug purchase from Defendant. Agent Osterman said that he gave Ms. Marable one hundred dollars to buy crack cocaine. Ms. Marable was wired with an audio transmitter that was monitored by Agent Shane George. Agent Osterman rode with Ms. Marable and Mr. Reese to Defendant's residence. Ms. Marable parked the car about twenty or thirty feet from the house. She knocked on the back

door, and someone let her into the house. Agent Osterman said Ms. Marable returned in a few minutes and gave him a substance which appeared to be crack cocaine.

Agent Osterman said that he was aware that Ms. Marable had previously been arrested twice on drug-related offenses.

Ms. Marable testified that she had known Defendant for three or four years, and had been to Defendant's house on a number of occasions. Ms. Marable said she drove Mr. Reese and Agent Osterman to Defendant's house and parked a short distance away. Ms. Marable knocked on the back door, and someone asked her to identify herself. Ms. Marable said that she did not know the man who opened the door or the three men sitting around the kitchen table. One of the men at the table offered to sell her three grams of cocaine for one hundred dollars. Ms. Marable did not take the offer seriously, and none of the men showed her any cocaine.

Ms. Marable saw Defendant walking down the hall toward the kitchen, and he told her to come into the bathroom. Ms. Marable told Defendant she "needed a 100," and Defendant replied "I have got you." He pulled a film cannister out of his sock and gave her the drugs. There was about one gram of cocaine remaining in the cannister, and Defendant put the cannister back in his sock. Ms. Marable told Defendant she had a friend who wanted to buy some drugs, and Defendant told her to come back. He walked Ms. Marable to the door, and she left. Ms. Marable said she gave Agent Osterman the drugs as soon as she pulled out of the parking space.

Ms. Marable acknowledged on cross-examination that she hoped she would be granted probation for her drug convictions if she cooperated with the police. She denied that the police made any promises of leniency. Ms. Marable admitted that she owed money to Defendant's daughter, Debra, for some cocaine Ms. Marable had purchased from her.

Donna Flowers, an agent with the Tennessee Bureau of Investigation, identified the substance purchased by Ms. Marable from Defendant as crack cocaine, and said that the substance weighed 0.5 grams.

Defendant does not dispute the nature or weight of the substance sold to Ms. Marable. Defendant argues, however, that the evidence at most supports only a finding that he engaged in a casual exchange of drugs with Ms. Marable, not a felonious sale. *See* Tenn. Code Ann. § 39-17-418. Defendant points out that he and Ms. Marable were friends, and Ms. Marable had visited him on numerous occasions. Defendant argues that his friendship with Ms. Marable, coupled with the small amount of cocaine involved, support a finding that the transaction was a casual exchange.

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption

of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

It is an offense for a person to knowingly sell a controlled substance to another. Tenn. Code Ann. § 39-17-417(a)(3). The sale of 0.5 grams of cocaine or more is a Class B felony. *Id*. § -417(c)(1). It is a misdemeanor offense, however, if the transaction constitutes a casual exchange. *Id.* § 39-17-418(a). Whether a transaction is a casual exchange or an unlawful sale may be inferred from all of the facts and circumstances surrounding the transaction, including the amount of drugs possessed by the defendant. *Id.* § 39-17-419; *State v. Prince*, 713 S.W.2d 914, 918 (Tenn. Crim. App. 1986). Although a casual exchange can involve the transfer of money, a transaction will not be deemed a casual exchange if there was a design or previous plan to make the exchange. *State v. Helton*, 507 S.W.2d 117, 120 (Tenn. 1974)*; Loveday v. State*, 546 S.W.2d 822, 826 (Tenn. Crim. App. 1976.

There is no indication that Defendant considered Ms. Marable's visit to have any other purpose than the purchase of drugs. Their conversation was limited to the details of the transaction. Defendant measured out a portion of the drugs in his possession in exchange for a specific amount of money. Ms. Morales said that she had a friend who wanted to purchase some drugs from Defendant, and Defendant told her to come back. The combination of these facts viewed in a light most favorable to the State supports a determination by the jury beyond a reasonable doubt that Defendant intended to sell the cocaine to Ms. Morales. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE